UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

YOHAN BIC FLAME-BEY,  )
  )
　　　　　　　　Plaintiff,  )
  )
　　　　v.  )　　　No. 1:19-cv-04067-SEB-MJD
  )
JANET MITCHELL, et al.  )
  )
　　　　　　　　Defendants.  )

**Order Granting Motion for Summary Judgment
and Directing Entry of Final Judgment**

Plaintiff Yohan Bic Flame-Bey, an Indiana inmate, filed this lawsuit pursuant to 42 U.S.C.

§ 1983 alleging that he was not treated for possibly having ingested battery acid and for pain. He

claims that the defendants have failed to provide him with constitutionally adequate medical care

for these conditions and, through their failure to provide care, have retaliated against him for filing

grievances regarding his treatment. The defendants have moved for summary judgment on his

claims and Mr. Flame-Bey has not responded. For the following reasons, the motion for summary

judgment is granted.

**I. Summary Judgment Standard**

A motion for summary judgment asks the Court to find that a trial is unnecessary because

there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment

as a matter of law. *See* Fed. R. Civ. P. 56(a). Whether a party asserts that a fact undisputed or

genuinely disputed, the party must support the asserted fact by citing to particular parts of the

record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can

also support a fact by showing that the materials cited do not establish the absence or presence of

a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B). Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated. Fed. R. Civ. P. 56(c)(4). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

In deciding a motion for summary judgment, the Court need only consider disputed facts that are material to the decision. A disputed fact is material if it might affect the outcome of the suit under the governing law. *Williams v. Brooks*, 809 F.3d 936, 941-42 (7th Cir. 2016). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page,* 906 F.3d 606, 609-10 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

On summary judgment, a party must show the Court what evidence it has that would convince a trier of fact to accept its version of the events. *Gekas v. Vasilades*, 814 F.3d 890, 896 (7th Cir. 2016). The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and the Seventh Circuit Court of Appeals has repeatedly assured the district courts that they are not required to "scour every inch of the record" for evidence that is potentially relevant to the summary judgment

motion before them. *Grant v. Trustees of Indiana University,* 870 F.3d 562, 572-73 (7th Cir. 2017). Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. *Anderson*, 477 U.S. at 255.

Mr. Flame-Bey failed to respond to the summary judgment motion. Accordingly, facts alleged in the motion are deemed admitted so long as support for them exists in the record. *See* S.D. Ind. Local Rule 56-1 ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission"); *Brasic v. Heinemanns, Inc.*, 121 F.3d 281, 285-286 (7th Cir. 1997) (affirming grant of summary judgment where the nonmovant failed to properly offer evidence disputing the movant's version of the facts). This does not alter the summary judgment standard, but it does "[r]educe[] the pool" from which facts and inferences relative to the motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

## II. Undisputed Facts

The following statement of facts has been evaluated pursuant to the standards set forth above. That is, this statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts are presented in the light most favorable to Mr. Flame-Bey as the non-moving party. *See Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000).

### A. The Parties

At the times relevant to the complaint, Mr. Flame-Bey was housed at Pendleton Correctional Facility ("PCF"). *See* dkt. 61-1 (Flame-Bey Dep. p. 11:7-12).

Nurse Pryor is employed as a registered nurse at PCF. Dkt. 61-2 (Michell Aff. ¶ 2).

At the time of Mr. Flame-Bey's claims, Nurse Mitchell was employed as a licensed practical nurse at PCF. Dkt. 61-3 (Mitchell Aff. ¶ 2).

Nurse Bagienski is employed as a licensed practical nurse at PCF. Dkt. 61-4 (Bagienski Aff. ¶ 2). As part of her job, she works in the pharmacy to help distribute medications. *Id.*

### B. Mr. Flame-Bey's Relevant Medical Care

On August 22, 2019, Mr. Flame-Bey was seen for a nurse visit. Dkt. 61-4 (Bagienski Aff. ¶ 5); dkt. 61-4 p. 11-12. He complained of diverse symptoms and organ pain. *Id.* He was asked if he wanted to see mental health, but he refused. *Id.* He was referred to see the physician. *Id.* The nurse also entered an order for Tylenol 325 mg tablet, twice a day for two weeks. *Id.* The Tylenol was to be given by nursing staff and he could not keep it on him. *Id.* Ms. Bagienski signed off on giving Mr. Flame-Bey his Tylenol on the evenings of August 21-23. *See* dkt. 61-4 p. 129. Other nurses provided the morning and evening doses on August 24-25. *Id.* Then on August 26, the medication was switched to KOP, standing for "Keep on Person." *Id.*; *see also* dkt. 61-4 (Bagienski Aff. ¶ 10).

On September 17, 2019, Mr. Flame-Bey presented for a nurse visit with Nurse Mitchell complaining of stomach issues. Dkt. 61-3 (Mitchell Aff. ¶ 5); dkt. 61-3 p. 35-37. Mr. Flame-Bey stated that the onset of the stomach pain was gradual. *Id.* Nurse Mitchell further noted that he described the severity of the pain as mild and aching, that it lasted for 30 to 60 minutes, and

4

occurred daily. *Id.* She noted no acute distress on physical exam. *Id.* Mr. Flame-Bey was given Tums chewable tablets, 1 to 2 tablets, twice a day as needed. *Id.*

On September 18, 2019, Mr. Flame-Bey submitted a health care request stating he believed that he had been poisoned with battery acid and needed to see poison control. Dkt. 61-3 (Mitchell Aff. ¶ 6); dkt. 61-3 p. 130. The following day, Mr. Flame-Bey was called out for an appointment, but he did not show. Dkt. 61-3 (Mitchell Aff. ¶ 6). His appointment was rescheduled, and he saw Nurse Mitchell on September 20, 2019. *Id.* (Mitchell Aff. ¶ 8). She noted that he had been seen several times that week for similar complaints and that Pepcid had been ordered but had not yet been delivered. *Id.* (Mitchell Aff. ¶ 8); dkt. 61-3 p. 41.

On September 26, 2019, Mr. Flame-Bey was placed on suicide watch. Dkt. 61-2 (Pryor Aff. ¶ 17); dkt. 61-2 p. 57-58. Mr. Flame-Bey saw Dr. Scott Levine on September 27, 2019, regarding his complaints of parasites and an officer threatening to put battery acid in his food. Dkt. 61-2 (Pryor Aff. ¶ 18); dkt. 61-2 p. 65-68. Dr. Levine noted that Mr. Flame-Bey was unsure if the officer had put battery acid in his food or not. *Id.* Dr. Levine diagnosed him with pain disorder related to psychological factors and delusional disorder. *Id.*

### III. Discussion

Mr. Flame-Bey sues the defendants for deliberate indifference to his serious medical needs under the Eighth Amendment and retaliation under the First Amendment. Specifically, Mr. Flame-Bey alleges that Nurses Mitchell and Pryor failed to treat him for his complaint that he had ingested battery acid and Nurse Bagienski failed to ensure he received Tylenol that had been ordered for him. The defendants seek summary judgment on all of these claims arguing that they provided him appropriate treatment.

### A. Eighth Amendment Claims

"To determine if the Eighth Amendment has been violated in the prison medical context, [courts] perform a two-step analysis, first examining whether a plaintiff suffered from an objectively serious medical condition, and then determining whether the individual defendant was deliberately indifferent to that condition." *Petties v. Carter*, 836 F.3d 722, 727–28 (7th Cir. 2016) (en banc). "[C]onduct is 'deliberately indifferent' when the official has acted in an intentional or criminally reckless manner, *i.e.*, "the defendant must have known that the plaintiff 'was at serious risk of being harmed [and] decided not to do anything to prevent that harm from occurring even though he could have easily done so.'" *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (*quoting Armstrong v. Squadrito*, 152 F.3d 564, 577 (7th Cir. 1998)). "To infer deliberate indifference on the basis of a physician's treatment decision, the decision must be so far afield of accepted professional standards as to raise the inference that it was not actually based on a medical judgment." *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006); *see also Plummer v. Wexford Health Sources, Inc.*, 609 Fed. Appx. 861, 2015 WL 4461297, *2 (7th Cir. 2015) (holding that defendant doctors were not deliberately indifferent because there was "no evidence suggesting that the defendants failed to exercise medical judgment or responded inappropriately to [the plaintiff's] ailments").

### 1. Nurses Mitchell and Pryor

Mr. Flame-Bey alleges that Nurses Mitchell and Pryor were deliberately indifferent to his serious medical needs by failing to evaluate or treat him for his complaint that he believed he had ingested battery acid. He also alleges that Nurse Mitchell falsified medical records stating that he did not appear for an appointment related to this complaint.

Nurses Mitchell and Pryor argue that Mr. Flame-Bey cannot show that his suspected poisoning with battery acid amounts to a serious medical need. "An objectively serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012). The defendants contend that Mr. Flame-Bey's belief that he ingested battery acid does not amount to a serious medical need because no doctor has diagnosed him as having done so, all of his lab reports have been normal, and he has been diagnosed with a delusional disorder. Having failed to respond to the motion for summary judgment, Mr. Flame-Bey has failed to point to evidence that he has ingested battery acid. He therefore has not shown that he suffered from a serious medical need.

Next, to the extent that Mr. Flame-Bey claims that Nurse Mitchell was deliberately indifferent by writing that he was a "no show" for his September 19, 2019, appointment, Mr. Flame-Bey has designated no evidence that he did actually appear for this appointment and Nurse Mitchell inaccurately stated he did not. Further, Nurse Mitchell did see Mr. Flame-Bey the next day for this complaint. Nurse Mitchell noted that he had been seen several times for the same complaints and had been ordered Pepcid, which had not yet been delivered. Dkt. 61-3 (Mitchell Aff. ¶ 8); dkt. 61-3 p. 41. Mr. Flame-Bey thus identifies no connection between the alleged falsification of the medical record with any failure to treat his complaints. Finally, as the Court already found, there is no evidence that Mr. Flame-Bey was suffering from a serious medical need at that time. Nurse Mitchell is therefore entitled to summary judgment on this claim as well.

### 2. Nurse Bagienski

Mr. Flame-Bey claims that Nurse Bagienski was deliberately indifferent to his serious medical needs by not making sure he received Tylenol that had been prescribed to him.

The medication administration record shows that Ms. Bagienski signed off on giving Mr. Flame-Bey his Tylenol on the evenings of August 21-23. *See* dkt. 61-4 p. 129.  Other nurses provided the morning and evening doses on August 24-25. *Id.* On August 26, Mr. Flame-Bey received his morning dose and the medication was switched to KOP. *Id.*; *see also* dkt. 61-4 (Bagienski Aff. ¶ 10). Having failed to respond to the motion for summary judgment, Mr. Flame-Bey has presented no evidence that Nurse Bagienski interfered with the administration of his medication. There is therefore no evidence that she ignored a serious medical need and she is entitled to summary judgment on this claim.

**B. Retaliation**

To prevail on his First Amendment retaliation claim, Mr. Flame-Bey must show that "(1) []he engaged in activity protected by the First Amendment; (2) []he suffered a deprivation that would likely deter First Amendment activity; and (3) the protected activity []he engaged in was at least a motivating factor for the retaliatory action." *Archer v. Chisholm*, 870 F.3d 603, 618 (7th Cir. 2017) (internal citations omitted).

**1. Nurse Pryor**

Mr. Flame-Bey alleges that Nurse Pryor retaliated against him by telling other medical personnel not to treat him because he had been filing grievances against medical staff. Nurse Pryor has testified that she does not remember knowing on September 20, 2019, when Mr. Flame-Bey alleges she told other personnel not to treat him, that he had filed grievances against her. Dkt. 61-2 (Pryor Aff. ¶ 38). She also states that she would never instruct another nurse or medical provider to deny an inmate medical care because he had filed grievances. *Id.* Having failed to respond to the motion for summary judgment, Mr. Flame-Bey has failed to dispute this evidence. There is therefore no evidence of the second element of a retaliation claim – that he suffered a deprivation

that would likely deter First Amendment activity – and Nurse Pryor is entitled to summary judgment on this claim.

### 2. Nurse Mitchell

Mr. Flame-Bey alleges that Nurse Mitchell refused to treat him and falsified his medical records because he had filed grievances. But Nurse Mitchell has presented evidence that she did treat him. Mr. Flame-Bey has designated no evidence that Nurse Mitchell failed to treat him or falsified his medical records. There is therefore no evidence of the second element of a retaliation claim against Nurse Mitchell and she is entitled to summary judgment.

### 3. Nurse Bagienski

Finally, Mr. Flame-Bey alleges that Nurse Bagienski retaliated against him by not giving him his pain medication. But, as explained above, Nurse Bagienski did provide Mr. Flame-Bey with medication. There is no evidence that she did not. Again, therefore, there is no evidence that Mr. Flame-Bey suffered a deprivation likely to deter First Amendment activity and Nurse Bagienski is entitled to summary judgment.

### IV. Conclusion

For the reasons discussed above, the defendants' motion for summary judgment, dkt. [59], is **granted**. Judgment consistent with this Order and with the Order of August 31, 2020, dkt. 53, shall now issue.

**IT IS SO ORDERED.**

Date:  _____5/26/2021_____                           *Sarah Evans Barker*
                                                     SARAH EVANS BARKER, JUDGE
                                                     United States District Court
                                                     Southern District of Indiana

Distribution:

YOHAN BIC FLAME-BEY
148865
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Heather Terese Gilbert
CASSIDAY SCHADE LLP
hgilbert@cassiday.com

Emily Kathleen VanTyle
CASSIDAY SCHADE LLP
evantyle@cassiday.com